**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RHUNAI I. SMITH,

     Petitioner,                       Civil No. 04-CV-72373-DT
                                          HONORABLE ARTHUR J. TARNOW
v.                                   UNITED STATES DISTRICT JUDGE

CURTIS JONES,

     Respondent,
_____/

**OPINION AND ORDER DENYING MOTION FOR IMMEDIATE**
**CONSIDERATION**

On June 15, 2004, petitioner filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner subsequently filed a motion to hold the

habeas petition in abeyance so that he could return to the Oakland County Circuit

Court to present newly discovered evidence to support an actual innocence claim

and possibly other claims as well.  On August 20, 2004, the Court granted the

motion, held the petition in abeyance pending petitioner's return to the state

courts to exhaust his additional claims, and administratively closed the case.

Petitioner has now filed a motion for immediate consideration of his petition,

including his claim of newly discovered evidence of actual innocence.  For the

reasons stated below, the motion for immediate consideration is denied.

The Court declines to grant the motion for immediate consideration,

1

*Smith v. Jones,* 04-72373-DT

because petitioner has failed to exhaust his newly discovered evidence claim in the state courts, as he requested to do when he asked this Court to hold his petition in abeyance.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Id.*

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).  The inordinate delay in adjudicating state court claims may be a circumstance which

2

*Smith v. Jones,* 04-72373-DT

would excuse the exhaustion of state court remedies, especially when the state is responsible for the delay. *Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992)(internal citations omitted).  Extreme" or "unusual" delays in the state courts can justify a decision to conduct an immediate federal habeas review, however, only in case in which the delay is attributable to the state rather than to the petitioner. *See Edelbacher v. Calderon,* 160 F. 3d 582, 586 (9th Cir. 1998). Where the delays in adjudicating a motion or petition in the state courts are caused partly by a habeas petitioner's own actions, a habeas petitioner will not be excused from exhausting available state court remedies. *See Sceifers v. Trigg,* 46 F. 3d 701, 704 (7th Cir. 1995).

In the present case, petitioner would not be entitled to immediate consideration of his claims, because he has failed to allege that there have been any inordinate delays in the adjudication of his claims by the state courts or that he was not responsible for any of the delays.  In the present case, petitioner has failed to show good cause to expedite a ruling on his petition for habeas relief, because petitioner has shown no undue delay or that any delay had been or would be highly prejudicial to him. *See e.g. Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001).

3

*Smith v. Jones,* 04-72373-DT

## ORDER

**IT IS HEREBY ORDERED** that the motion for immediate consideration is

**DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 24, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on
August 24, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Case Manager

4